IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBIN G. WATSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GLOBAL ENERGY TECHNOLOGIES, INC., a Utah corporation; KENT L. HARMON, an individual; DAVID GALLAGHER, an individual; and DOES 1-10, individuals and entities whose true identities are presently unknown,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE RESPONSE AND ENTER DEFAULTS<br><br><br><br>Case No. 2:10-CV-1183 TS |

This matter is before the Court on Plaintiff's Motion to Strike Response and Enter Defaults.[1] Defendant Kent Harmon filed a response to Plaintiff's Complaint on behalf of himself, Global Energy Technologies, Inc. ("GETI"), and David Gallagher. Plaintiff now moves

---

[1]Docket No. 8.

1

the Court to strike the response and enter default for all three Defendants. The Court will strike the response and enter default as to GETI and Gallagher, but will deny the Motion as to Harmon.

## I. BACKGROUND

In December 2010, Plaintiff served Defendants with a Summons and a copy of the Complaint in this matter. On December 28, 2010, Harmon submitted an Answer[2] on behalf of himself, GETI (Harmon is CEO of GETI), and Gallagher.[3] The Answer specifically denies each of Plaintiff's claims. Harmon is not an attorney licensed to practice law in Utah.[4]

Plaintiff filed the Motion to Strike and Enter Defaults on January 20, 2011. To date, no Defendant has responded to the Motion. The Court notes that nothing other than Harmon's Answer has been submitted by the Defendants in this case.

## II. DISCUSSION

Under Rule 55 of the Federal Rules of Civil Procedure, entry of default is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Once a defendant is served with a Complaint, that individual or entity must file an answer within the time limit described by

---

[2]Harmon titles his filing "Response," but the Court will refer to it as an Answer, as this is the customary term for a filing that admits or denies the allegations of a Complaint. *See* Fed.R.Civ.P. 12(a).

[3]Docket No. 6.

[4]Docket No. 10, at 2.

Fed.R.Civ.P. 12. Generally this time frame is twenty-one days.[5] If an answer is not filed in that time, a default may be entered.[6]

A.  GETI AND GALLAGHER

It has long been the law in the Tenth Circuit "that a corporation can appear in a court of record only by an attorney at law."[7] A corporation may not appear "through a non-attorney corporate officer appearing *pro se*."[8] Furthermore, "a non-attorney is not permitted to represent any other person . . . in federal court."[9]

Harmon, as a non-attorney, is not permitted to file an Answer on behalf of GETI, a corporation, or Gallagher, an individual. Consequently, the Court strikes Harmon's Answer insofar as it seeks to respond on behalf of GETI and Gallagher.

The Court finds it appropriate to grant these defendants an opportunity to cure this defect. Consequently, the Court will not enter a default against GETI and Gallagher at this time. Rather the Court orders Plaintiff to personally serve this Order on GETI and Gallagher in accordance with Fed.R.Civ.P. 4. GETI and Gallagher shall have twenty-one days from the date they are served to respond to Plaintiff's Complaint. The Court warns GETI that, as a corporation, it may only respond through an attorney licensed to appear before this Court. The Court warns

---

[5]Fed.R.Civ.P. 12(a)(1)(A).

[6]Fed.R.Civ.P. 55.

[7]*Flora Const. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962).

[8]*Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001).

[9]*Arnson v. My Investing Place*, 2009 U.S. Dist. Lexis 119506, at *4 (D. Utah Dec. 23, 2009) (citations omitted).

3

Gallagher that he may only respond personally—acting pro se—or through an attorney licensed to appear before this Court. Failure by GETI or Gallagher to respond may result in the entry of default against them. The Court further puts Defendants on notice that failure to comply with this Court's orders and its local rules may result in sanctions, including entry of judgment against them.

B.     HARMON

Plaintiff moves to strike Harmon's Answer because it does not strictly adhere to the Federal Rules of Civil Procedure. Harmon is proceeding in this matter pro se. The Court is required to construe the pleadings of pro se parties liberally.[10] In liberally construing Harmon's Answer, it is clear that he intended to deny the allegations contained in the Complaint. Consequently, it would be improper for the Court to enter Default against Harmon. He has not "failed to plead or otherwise defend" himself in this matter.

### III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's Motion to Strike Response and Enter Defaults is GRANTED IN PART AND DENIED IN PART. The Answer filed on behalf of Defendants GETI and Gallagher is STRICKEN. However, default shall not be entered against Defendants at this time. The Motion is denied insofar as it pertains to Defendant Harmon. It is further

---

[10]*Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

ORDERED that Plaintiff shall personally serve this Order on Defendants GETI and Gallagher and file proof of service with the Court. It is further

ORDERED that Defendants GETI and Gallagher shall file an Answer to Plaintiff's Complaint with this Court within twenty-one days of service of this Order.

DATED   April 12, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge